## Isaiah Dore *vs.* Thomas A. Hight.

Where the plaintiff replevies goods, which were lawfully seized by the defendant as *a collector of taxes*, and judgment is rendered for a return of the goods, the defendant is entitled to damages equal to six per cent. on the penalty of the bond.

THE action was replevin. The defendant as collector of taxes took the goods and chattels replevied as the property of *John Ware* for the payment of taxes, and the jury found, that the chattels were the property of said *Ware*, and not the property of the plaintiff. Judgment was rendered for a return and restitution. *Parris J.*, before whom the trial took place, directed the jury, that the interest of six per cent. on the penal sum of the bond should be taken as the rule of estimating the damages. If this direction was correct, judgment was to be entered on the verdict, but if erroneous, the verdict was to be amended, as the Court should think proper.

*Tenney*, for the plaintiff, contended, that the *stat.* of 1821, *c.* 80, *sec.* 4, gave no power in a case like this, to estimate damages

for the defendant. It is confined to a taking on execution, and not for taxes.

*C. Greene,* for the defendant, said, that although there was a mistake of one word in the statute, still the meaning was sufficiently plain, taking the whole into consideration. The damages are to be assessed on the bond, and the taking on the warrant is as much on final process, as a taking on execution.

The opinion of the Court was prepared by

WESTON C. J. — The authority, under which the defendant, as collector of taxes, took the chattels in controversy, was in effect a process of execution. In such case, judgment being rendered for a return and restitution, the interest of six per cent. upon the penal sum of the bond, is by statute to be the rule for estimating the plaintiff's damages. The plaintiff here intended, is manifestly the plaintiff in the execution. The plaintiff in the suit before the court, is in the same section called the plaintiff in replevin. The plain and obvious meaning of this section, requires this construction.

*Judgment on the verdict.*